UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAKE DARNELL GRADY-WILKINS
#605313,

       Plaintiff,                            Hon. Jane M. Beckering

v.                                                        Case No. 1:23-cv-282

UNKNOWN NEWTON, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Jake Darnell Grady-Wilkins, a prisoner currently incarcerated with the Michigan Department of Corrections at the Thumb Correctional Facility, filed a pro se complaint on March 6, 2023, pursuant to 42 U.S.C. § 1983, against Defendants Kent County Sheriff's Deputy Unknown Newton and Kent County. Plaintiff alleged claims based on events that occurred on September 8, 2021, while he was a pretrial detainee at the Kent County Correctional Facility (KCCF). After reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court dismissed the KCCF (construed as Kent County) and allowed Plaintiff's Fourteenth Amendment failure-to-protect and state-law negligence claims against Deputy Newton to proceed. (ECF Nos. 9 and 10.)

Presently before me is Deputy Newton's Motion for Summary Judgment. (ECF No. 22.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Generally, where the non-moving party fails to respond to a

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2

motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). Having conducted the required review, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** Defendant's motion and dismiss Plaintiff's Fourteenth Amendment claim **with prejudice**. I further recommend that the Court dismiss the negligence claim **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

## I. Background

On September 8, 2021, Plaintiff was a pretrial detainee at the KCCF housed on floor M2. That day, Deputy Newton was assigned to assist transferring inmates, including Plaintiff, from KCCF to their afternoon court appearances. (ECF No. 1 at PageID.3; ECF No. 86.) Deputy Newton entered the elevator—which a person in Central Control, rather than Deputy Newton, controlled—and proceeded to floor M2. (ECF No. 23-2 (Elevator Video).)[2] When the elevator stopped at floor M2, three inmates, including Plaintiff, handed Deputy Newton their identification cards and entered the elevator. (*Id.*; ECF No. 23-3 at PageID.94–95.) After the doors closed and the elevator proceeded to floor M3, Deputy Newton noticed that Plaintiff's identification card contained a "keep separate" designation involving an inmate on floor M3. (ECF No. 23-2; ECF No. 23-3 at PageID.95.) A "keep separate" designation notifies staff that, for various reasons, the inmate should have no contact with another specified inmate. (*Id.*) In this case, Martin Ochoa was the inmate with whom Plaintiff was to have no contact. (ECF No. 1 at

---

(E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley*, No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

[2] The video, which includes audio, shows the entire incident at issue.

PageID.3.) Deputy Newton advised Plaintiff and the other floor M2 inmates not to fight on the elevator. (*Id.*; ECF No. 2.)

When the elevator door opened, three floor M3 inmates approached to enter. Unbeknownst to Deputy Newton, Ochoa was the first inmate in line. (*Id.*; ECF No. 23-3 at PageID.96.) Although Deputy Newton reached to collect Ochoa's identification card, Ochoa did not hand it to him. Instead, having noticed Plaintiff on the elevator, Ochoa rushed past Deputy Newton and punched Plaintiff's mouth. (ECF No. 23-2.) Deputy Newton ordered Ochoa to "get off" Plaintiff and pointed his taser at Ochoa. Ochoa immediately disengaged from Plaintiff and went to the ground face down. After Deputy Newton called for assistance, several officers arrived, secured Ochoa, and removed him from the elevator. (*Id.*; ECF No. 23-3 at PageID.96.)

Following the incident, Plaintiff was seen by a KCCF nurse. Plaintiff sustained a small cut on his lip. He was transported to his court appointment. Plaintiff received no other medical treatment for the cut. (ECF No. 23-1; ECF No. 23-3 at PageID.96.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

3

### III.  Discussion

**A.  Failure-to-Protect Claim**

Deputy Newton contends that he is entitled to qualified immunity on Plaintiff's failure-to-protect claim. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the court can conclude either that no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236. Here, qualified immunity can be resolved on the first step.

Because Plaintiff was a pretrial detainee at the time of the incident at issue, his claim is analyzed under the Fourteenth Amendment deliberate-indifference standard for failure-to-protect claims articulated in *Westmoreland v. Butler County*, 29 F.4th 721 (6th Cir. 2022). Pursuant to that standard, "a defendant officer must [1] act intentionally in a manner that [2] puts the plaintiff at substantial risk of harm, [3] without taking reasonable steps to abate that risk, [4] and by failing to do so actually cause the plaintiff's injuries." *Id.* at 729. As for the third element, a plaintiff must show that the officer "was more than merely negligent; the officer must have acted

with 'reckless disregard' in the face of 'an unjustifiably high risk of harm.'" *Westmoreland*, 29 F.4th at 730 (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)).

Plaintiff's claim fails for at least two reasons. First, Plaintiff cannot establish that Deputy Newton acted intentionally in a manner that subjected Plaintiff to a substantial risk of harm. As Deputy Newton explains in his affidavit, he did not control the elevator or the opening and closing of the doors. Rather, a person in Central Control performed that function. Deputy Newton had no means to control the closing of the elevator doors except by standing in the opening. (ECF No. 23-3 at PageIE.95.) Second, Plaintiff cannot show that Deputy Newton acted with "reckless disregard" in the face of "an unjustifiably high risk of harm." *Brawner*, 14 F.4th at 596. As Deputy Newton explains, a "keep separate" designation may be made for a number of reasons, some of which would not involve a risk of physical harm. Moreover, Plaintiff's identification card did not list Ochoa's name as the subject of the "keep separate" designation, nor did it state the reason for the designation. (*Id.* at PageID.95.) Moreover, Deputy Newton was not familiar with Ochoa. Deputy Newton had no time to ascertain Ochoa's identity before Ochoa rushed past him to get to Plaintiff without stopping to hand Deputy Newton his identification card. (*Id.* at PageID.96.) Under the circumstances, there is no basis to conclude that Deputy Newton recklessly disregarded an unjustifiably high risk of harm to Plaintiff.

Accordingly, I recommend that the Court dismiss the failure-to-protect claim.

### B. Negligence Claim

Because Plaintiff's only federal-law claim is subject to dismissal, the court must consider whether to retain supplemental jurisdiction over Plaintiff's negligence claim. I recommend that the Court decline to exercise supplemental jurisdiction and dismiss the negligence claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson*

*Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). In deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Applying these considerations, the balance of considerations weighs against the exercise of supplemental jurisdiction.

### IV.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendant Deputy Newton's Motion for Summary Judgment (ECF No. 22) with regard to the failure-to-protect claims, dismiss the negligence claim without prejudice, and terminate the case.

Dated: January 22, 2024                                              /s/ Sally J. Berens
                                                                    SALLY J. BERENS
                                                                    U.S. Magistrate Judge

### NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).